# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

PAMELA WILLIS TURNER

    Plaintiff,

v.

CITY OF DETROIT

    Defendant.

Hon. Julian Abele Cook

Case No: 11-12961

| Alice B. Jennings (P29064)<br>EDWARDS & JENNINGS, PC<br>Attorney for Plaintiff<br>65 Cadillac Square, Suite 2710<br>Detroit, Michigan 48226<br>(313) 961-5000<br>ajennings@edwardsjennings.com<br><br>Felecia Duncan Brock (P63352)<br>I.A.B. ATTORNEYS AT LAW, PLLC<br>Attorney for Plaintiff<br>3319 Greenfield Road, #458<br>Dearborn, Michigan 48120<br>(313) 318-3180<br>Duncan@iabattorneys.com | VALERIE A. COLBERT-OSAMUEDE (P42506)<br>JUNE ADAMS (P43283)<br>CITY OF DETROIT LAW DEPARTMENT<br>Attorneys for Defendants<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-3016/ (313) 237-0540<br>Fax: (313) 224-5505<br>colbv@detroitmi.gov<br>adamj@detroitmi.gov |
|---|---|

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER THAT THE DEPOSITION FOR MAYOR DAVE BING NOT BE HELD

**NOW COMES** Defendant in the above-entitled matter and hereby moves this Honorable Court for a Protective Order that the deposition of Mayor Dave Bing not be held pursuant to MCR 2.302(C) and in support thereof, Defendant states as follows:

1.    Defendant received a notice of deposition for Mayor Dave Bing. Mayor Dave Bing is not a named Defendant in the instant matter.

2. Mayor Dave Bing has limited knowledge of any of the facts and or circumstances which are the basis for Plaintiff's claims and to subject him to hours of pointless discovery is unduly burdensome.

3. The deposition of Mayor Dave Bing is an attempt to cause the Mayor to become politically embroiled in litigation of which he has limited direct knowledge. It sets a bad precedent to have the Mayor be required to take time away from the pressing matters of the City and sit for a deposition. The Plaintiff's bar will take note of this occurrence and the Mayor will be flooded with deposition requests. A reasonable alternative exists in this matter and will not prejudice the Plaintiff.

4. The deposition of Mayor Dave Bing is not likely to lead to the discovery of admissible evidence.

5. Even if the deposition would lead to admissible evidence, the evidence sought could adequately be discovered through other means, such as interrogatories or proposed stipulations.

Therefore, a Protective Order should be entered ordering that the deposition not be taken. Requiring the Mayor to answer interrogatories and or stipulations is a reasonable alternative that will not prejudice the Plaintiff. Should this Court allow the deposition of Mayor Dave Bing, Defendant requests that the deposition of Mayor Dave Bing be limited to two hours. Counsel should be limited to inquiry concerning matters that the Mayor has been directly involved with. There should be no questions relating to any other aspect of Plaintiff's claims. Any matters involving the Mayor's personal and or familial business pursuits should be strictly prohibited.

                                              Respectfully submitted,

                                              CITY OF DETROIT LAW DEPARTMENT

<u>Dated: March 1, 2012</u>               <u>/s/June Adams (P43283)</u>
                                              1650 First National Building
                                              660 Woodward Avenue, Suite 1650
                                              Detroit, Michigan 48226
                                              (313) 237-0540
                                              adamj@detroitmi.gov

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PAMELA WILLIS TURNER

        Plaintiff,                          Hon. Julian Abele Cook

v.

                                                Case No: 11-12961

CITY OF DETROIT

        Defendant.

| | |
|---|---|
| Alice B. Jennings (P29064)<br>EDWARDS & JENNINGS, PC<br>Attorney for Plaintiff<br>65 Cadillac Square, Suite 2710<br>Detroit, Michigan 48226<br>(313) 961-5000<br>ajennings@edwardsjennings.com<br><br>Felecia Duncan Brock (P63352)<br>I.A.B. ATTORNEYS AT LAW, PLLC<br>Attorney for Plaintiff<br>3319 Greenfield Road, #458<br>Dearborn, Michigan 48120<br>(313) 318-3180<br>Duncan@iabattorneys.com | VALERIE A. COLBERT-OSAMUEDE (P42506)<br>JUNE ADAMS (P43283)<br>CITY OF DETROIT LAW DEPARTMENT<br>Attorneys for Defendant<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-3016/ (313) 237-0540<br>Fax: (313) 224-5505<br>colbv@detroitmi.gov<br>adamj@detroitmi.gov |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER THAT THE DEPOSITION FOR MAYOR DAVE BING NOT BE HELD

**NOW COMES** Defendant in the above-entitled matter and in support of its Motion for a Protective Order that the deposition of Mayor Dave Bing not be held pursuant to MCR 2.302(C) states as follows:

**INTRODUCTION**

This is an employment case arising out of Pamela Turner's ("Plaintiff") employment with the City of Detroit Water Department ("Defendant"). Plaintiff filed a

{K:\DOCS\LABOR\adamj\a41000\mot\610416.DOC}

two-count complaint alleging sex discrimination in violation of the Equal Pay Act of 1963 and the Michigan Elliott-Larsen Civil Rights Act.

Defendant received notice of deposition for Mayor Dave Bing. Mayor Dave Bing is not a named Defendant in the instant matter.

**APPLICABLE LAW AND ANALYSIS**

Pursuant to MCR 2.302(C) "Protective Orders", on motion by a party from whom discovery is sought the court may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Courts have recognized the undue burden falling on public officials resulting from compulsion to attend depositions. *Jackson v. City of Detroit*, 2007 U.S. Dist. LEXIS 55730, 2-3 (E.D. Mich. Aug. 1, 2007). Accordingly, "[t]here is substantial case law standing for the proposition that high-ranking government officials are not generally subject to depositions unless they have some personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere." *Id.*

When moving for a protective order, the movant must establish good cause "by demonstrating the specific evidence of the harm that would result." *Id.* Further, a party seeking a protective order preventing the deposition of an individual must establish a specific need for protection, as opposed to making conclusory or speculative statements. *Id.*

Department heads and other similarly high-ranking officials should not be compelled to personally give testimony by deposition unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it or absent other compelling reasons.  *Id* at 5, citing *Fitzpatrick v. Secretary of State,* 176 Mich. App. 615 (1989).

The deposition of Mayor Bing would be an undue burden and annoyance, as it would significantly disrupt his official duties and would also set an unfair and unmanageable precedent.

As stated, Mayor Bing is not a named defendant in the instant case.  Further, he has limited personal knowledge about Plaintiff's claims in the instant case.

Even assuming he has personal knowledge, the information could be obtained by other means, such as interrogatories or proposal of stipulations.  In *Jackson v. City of Detroit*, the court held that the Plaintiff made a showing that Defendant Bully-Cummings had some personal knowledge of the facts at issue, however the information could be discovered through other means, such as interrogatories.

**CONCLUSION**

WHEREFORE, for the above reasons, Defendant respectfully requests that this honorable court grant its Motion for a Protective Order that the Deposition of Mayor Dave Bing not be held pursuant to MCR 2.302(C) because it would be unduly burdensome and annoying and further, the information can be discovered through other means.

        Respectfully submitted,

        CITY OF DETROIT LAW DEPARTMENT

Dated: March 1, 2012        /s/June Adams (P43283)
        1650 First National Building
        660 Woodward Avenue, Suite 1650
        Detroit, Michigan 48226
        (313) 237-0540
        adamj@detroitmi.gov

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN    )
        )ss.
COUNTY OF WAYNE    )

    I hereby certify that on March 1, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Alice B. Jennings (P29064), EDWARDS & JENNINGS, PC, Attorney for Plaintiff, 65 Cadillac Square, Suite 2710, Detroit, Michigan 48226, ajennings@edwardsjennings.com, and Felecia Duncan Brock (P63352), I.A.B. ATTORNEYS AT LAW, PLLC, Attorney for Plaintiff, 3319 Greenfield Road, #458, Dearborn, Michigan 48120, Duncan@iabattorneys.com.

Date: March 1, 2012        /s/June Adams
        City of Detroit Law Department
        660 Woodward Avenue, Suite 1650
        Detroit, Michigan 48226
        (313) 237-0540
        adamj@detroitmi.gov
        P-43283