UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA WILLIS TURNER,

       Plaintiff,                         CIVIL ACTION NO. 11-12961

   vs.                                  DISTRICT JUDGE JULIAN ABELE COOK

CITY OF DETROIT,               MAGISTRATE JUDGE MARK A. RANDON

       Defendant.
_____/

## OPINION AND ORDER DENYING BING'S MOTION FOR RECONSIDERATION AND EMERGENCY MOTION TO STAY DEPOSITION (DKT. NOS. 39, 40)

Two motions are before the Court: (1) Dave Bing's motion for reconsideration of this Court's September 13, 2012 Order granting Plaintiff's motion to compel his deposition (Dkt. No. 39) and Bing's emergency motion to stay his deposition (Dkt. No. 40). The Court has reviewed the parties submissions (Dkt. Nos. 39, 40, 42, 43, 46, 49 and 51); a phone conference with counsel was held on October 9, 2012. Being otherwise fully advised, for the reasons indicated below, the Court: (1) denies the motions for reconsideration and stay of deposition; and (2) modifies its April 6, 2012 order to further limit the parameters of Bing's deposition.

### I. BACKGROUND

On July 8, 2011, Plaintiff Pamela Turner filed this action for sex discrimination in violation of the Equal Pay Act and Michigan's Elliott Larsen Civil Rights Act. In an Amended Complaint (Dkt. No. 18), Plaintiff added claims of race discrimination. Plaintiff, an African-American woman, was an executive level mayoral appointee holding the positions of Interim Director, and then Director, of Detroit's Water and Sewerage Department. Plaintiff alleges that

she was paid significantly less than the two males who preceded her in the position and the white female who was hired after her departure. Plaintiff says that, on more than one occasion, she personally discussed her salary with Bing, Detroit's Mayor, and that Bing "directly made the decisions regarding [her] appointment and salary" (Dkt. No. 33, p. 2, ¶ 5).

After Defendant refused to produce Bing for a deposition, Plaintiff moved to compel. Following a hearing on April 6, 2012, this Magistrate Judge ordered Plaintiff to first submit interrogatories directed to Bing and to proceed with a deposition – limited to two hours – only if necessary after reviewing Bing's responses (Dkt. No. 25). Defendant produced Bing's responses to the interrogatories. Unsatisfied with Bing's answers, Plaintiff again demanded Bing's deposition; Defendant refused and Plaintiff filed a second motion to compel. Defendant failed to respond to this second motion and did not appear on the hearing date. On September 13, 2012, having reviewed Plaintiff's unopposed second motion, this Magistrate Judge ordered Bing to appear for deposition within fourteen days and sanctioned Defendant $1200.00. Bing's motions followed.[1]

## II. ANALYSIS

Fed. R. Civ. P. 26(b) controls the scope of discovery, unless otherwise limited by order of the court. The Rule provides in pertinent part that:

> Parties may obtain discovery regarding **any** nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

---

[1] Bing is represented by Miller, Canfield, Paddock and Stone. Citing its governing charter, the City of Detroit objects to Miller Canfield's "special appearance" on Bing's behalf (Dkt. No. 46).

admissible evidence.

Fed. R. Civ. P. 26(b)(1), emphasis added.

Similarly, Fed. R. Civ. P. 30 provides for broad access to persons during the discovery process. It says, in pertinent part:

> **(a) When a Deposition May Be Taken**
> (1) A party may by oral questions depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Fed. R. Civ. P. 30(a)(1).

Notwithstanding Rules 26(b) and 30, Bing says that he is not subject to deposition because, as Detroit's Mayor, he is a high-ranking official subject to the "apex doctrine." Bing cites *Devlin v Chemed Corp.*, No. 04-74192, 2005 WL 2313859 (E.D.Mich. Sept. 21, 2005); *Thomas v. International Business Machines*, 48 F.3d 478, 483–84 (10th Cir. 1995)) and *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) as support for this proposition. "[T]he apex doctrine is the application of the rebuttable presumption that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard or, on a party's motion for a protective order, constitutes "good cause" for such an order as an "annoyance" or "undue burden" within the meaning of Rule 26(c)(1). Should the deposing party fail to overcome this presumption, the court must then limit or even prohibit the deposition." *Performance Sales & Marketing LLC v. Lowes Companies, Inc.*, No. 5:07-CV-00140, 2012 WL 4061680 * 4 (W.D.N.C. Sept. 14, 2012)

In *United States* v. *Morgan*, 313 U.S. 409, 422 (1941), the Supreme Court indicated that the practice of calling high ranking government officials as witnesses should be discouraged.

Relying on *Morgan*, other courts have concluded that "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official action." *Simplex Time Recorder Co.* v *Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985); *see also In re United States (Holder)*, 197 F.3d 310, 313 (8th Cir. 1999)*; In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993). This rule is based on the notion that "high ranking government officials have greater duties and time constraints than other witnesses" and that, without appropriate limitations, such officials will spend an inordinate amount of time addressing pending litigation. *Kessler*, 985 F.2d at 512. But, this rule is has limits.  The Court may permit depositions of high ranking officials where the official has first-hand knowledge related to the claim being litigated. *See Lewelling*, 879 F.2d at 21 (upholding the issuance of a protective order and sanctions against the plaintiff who sought to depose a corporate CEO who had no knowledge of facts pertinent to the plaintiff's claims, unless the CEO agreed to meeet to discuss settlement)*; see also Baine* v. *Gen. Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991)*; Church of Scientology of Boston* v. *IRS*, 138 F.R.D. 9, 12 (D. Mass. 1990)*; Cmty. Fed. Sav. & Loan Ass'n* v. *Fed. Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983). However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information. *Holder*, 197 F.3d at 314.

This Magistrate Judge finds no palpable defect in its Orders of April 6, 2012 and September 13, 2012 that would require a different result.[2]  Plaintiff was Bing's choice to head the

---

[2] Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D.Mich.2002) (citations

Detroit Water and Sewerage Department; she has also demonstrated that Bing has knowledge of the pertinent facts related to her claims and may have unique information regarding her salary. However, given Bing's lengthy responses to Plaintiff's interrogatories, and his time constraints as Mayor of Detroit, Bing's deposition shall be further limited to one (1) hour in duration. Bing's deposition must also be taken before or after regular business hours and take place at the Mayor's Offices.[3] With these limitations, Bing must be produced for deposition **on or before October 26, 2012.** In all other respects, the September 13, 2012 Order of this Magistrate Judge stands[4], subject to objection before the District Judge.

    It is so ordered.    .

                      s/Mark A. Randon
                      MARK A. RANDON
                      UNITED STATES MAGISTRATE JUDGE

Dated: October 11, 2012

### Certificate of Service

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 11, 2012, by electronic and/or first class U.S. mail.

                      s/Melody R. Miles
                      Case Manager to Magistrate Judge Mark A. Randon
                      (313) 234-5542

---

omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

[3] Bing may be represented by Miller Canfield at this deposition. The Court makes no finding as to the propriety of Mayoral representation by outside counsel (without law department approval) going forward.

[4] Defendant must pay the $1200 sanctions **on or before October 31, 2012.**