UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA WILLIS TURNER,

Plaintiff,

CIVIL ACTION NO. 11-12961

HONORABLE JULIAN ABELE COOK

v.

MAGISTRATE JUDGE MARK A. RANDON

CITY OF DETROIT,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT PURSUANT TO RULE 37 (DKT. NO. 44)**

On October 11, 2012, this Magistrate Judge issued an Opinion and Order denying Detroit Mayor Dave Bing's motion for reconsideration and emergency motion to stay his deposition (Dkt. No. 53). 2012 WL 4839139 (E.D. Mich. Oct. 11, 2012).[1] Bing was ordered to be deposed for one hour on or before October 26, 2012. This Magistrate Judge also declined to disturb its prior order requiring Defendant to pay $1,200.00 in sanctions.

Defendant paid the sanctions on October 12, 2012; Bing was deposed on October 18, 2012. Given Defendant's compliance with this Magistrate Judge's Order, the drastic sanction of default is unwarranted, and **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

## II. APPLICABLE LAW AND ANALYSIS

Fed. R. Civ. P. 37(b)(2) says:

> (A) If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> . . .

[1] The Opinion and Order is incorporated herein by reference.

(vi) rendering a default judgment against the disobedient party[.]

The Court must consider the following factors when determining whether a default judgment is appropriate: (1) whether Plaintiff was prejudiced by Defendant's failure to cooperate in discovery; (2) whether Defendant was warned that failure to cooperate could lead to a default judgment; and (3) whether less drastic sanctions were imposed or considered before the default judgment was entered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). A default judgment for failure to cooperate in discovery is "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault[.]" *Id.* (citation omitted).

Plaintiff says: (1) she is prejudiced by Defendant's failure to produce Mayor Bing for a deposition, because she cannot meet her burden of establishing a *prima facie* claim of discrimination without the Mayor's deposition, and her trial is scheduled for November 23, 2012 (Dkt. No. 44 at 7);[2] (2) she warned Defendant that she would file a motion for default, if Mayor Bing did not appear for his deposition (Dkt. No. 44 at 7); and (3) less drastic sanctions were already applied in this case when the Court ordered Defendant to pay $1,200.00. (Dkt. No. 44 at 8).

First, this Magistrate Judge finds Plaintiff is not prejudiced. Bing has now been deposed, and Judge Julian Cook moved the trial date to June 25, 2013. (Dkt. No. 56).

Second, *the Court* did not warn Defendant that failure to produce Mayor Bing could lead to a default judgment.

---

[2] Plaintiff's motion was filed before Bing was deposed.

Third, this Magistrate Judge finds that more severe sanctions are not warranted in this case given Defendants tardy – but complete – compliance with its orders.

Finally, Defendant's failure to produce Mayor Bing for a deposition on an earlier date was not based on willfulness, bad faith, or fault; Defendant objected to producing the Mayor, but he complied with the Order once he was made aware of it. Therefore, further sanctions would serve no useful purpose and undermine the well-reasoned policy of deciding cases on their merits.

## III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 19, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 19, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5540*